### HELEN CLAY V. STATE

No. 26,990. June 2, 1954

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted in the County Court of Scurry County for the offense of unlawfully selling whisky in a dry area, and her punishment was assessed at a fine of $100.00.

The state's witness, Jack Wallace, testified that on Sunday evening, November 22, 1953, he went to the home of the appellant in the town of Snyder, in Scurry County, for the purpose of buying some whisky, having been requested to do so by an officer and furnished the sum of five dollars with which

to purchase the same. Appellant at first refused to sell him any whisky without a recommendation which he soon obtained and returned to her house. Thereupon she told a boy to give the witness a pint of whisky after half breaking the seal, and receiving the five dollars from the witness. The witness placed on the bottle the date and his initials and then delivered it to the deputy sheriff. This pint of Sunny Brook Whisky was introduced in court and identified by the witness as that which had been sold to him by the appellant.

This sale was denied by the appellant, but the matter was decided against her by the jury.

It was stipulated that Scurry County was a dry area at the time of this sale.

The state alleged in the information that this sale was made at the corner of Avenue I and 34th Street in Snyder, Texas, "and being the west 100 feet of Lot 3, Block 28, T. N. Nunn Addition to the town of Snyder, Scurry County, Texas, there situate."

Appellant claims that there is a fatal variance between the allegation and the proof in that in the information it was alleged that the sale was made in the T. N. Nunn Addition to the town of Snyder and that the proof showed that the offense was committed in the T. N. Nunn *Second* Addition to the town of Snyder. The state proved by the testimony of its witness that the appellant's house, where this alleged sale was supposed to have taken place, was located at Avenue I and 34th Street in the town of Snyder, Texas. However, the allegation went further and stated: "and being the West one hundred feet of Lot 3, Block 28, of the T. N. Nunn Addition to the town of Snyder, Scurry County, there situate," etc. Under these circumstances, we are of the opinion that this offense took place on Avenue I and 34th Street in the town of Snyder, Texas. The remaining description thereof could be taken as surplusage.

We think that the trial court was correct in its ruling herein, and the judgment will therefore be affirmed.